UNITED STATES of America,
Plaintiff–Appellee,

v.

Aurelio ARIAS–RAMIREZ,
Defendant–Appellant.

No. 05–51528.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 28, 2006.

Joseph H Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Donna F. Coltharp, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and WIENER, Circuit Judges.

---

PER CURIAM: *

Aurelio Arias–Ramirez (Arias) appeals the 46–month sentence imposed following his plea of guilty to illegally reentering the United States after deportation. He contends that his sentence was unreasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

Arias's sentence was within a properly calculated advisory guideline range and is presumed reasonable. *See United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir.2006). Giving "great deference" to such a sentence, and recognizing that the sentencing court considered all the factors for a fair sentence under § 3553(a), we conclude that Arias has failed to rebut the presumption that his sentence was reasonable. *See Alonzo,* 435 F.3d at 554.

Arias challenges 18 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Arias's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Arias contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Arias properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit

precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

